UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY VAN TRAN,<br><br>    Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN,<br><br>    Respondent. | No.  2:17-cv-1925 JAM KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus challenging his 2011 conviction. On February 11, 2020, the undersigned recommended that the original petition be denied. On March 23, 2020, petitioner filed three separate documents: (1) motion to amend the petition; (2) motion for stay and abeyance; and (3) objections to the findings and recommendations. As set forth below, petitioner's motions are denied without prejudice.

It is established that if a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). The Woods holding is not extended to a situation where the district court has ruled on the initial petition, and proceedings have begun in the Court of Appeals. Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009), cert. denied, 130 S. Ct. 364 (2009).

Motion to Amend

In his motion to amend, petitioner claims he will be amending his original habeas petition, after having obtained a stay and abeyance to complete exhaustion of his newly exhausted claim. In the accompanying points and authorities, petitioner argues that under Rhines v. Weber, 544 U.S. 269 (2005), district courts may stay mixed petitions, and under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), petitioner may return to state court to exhaust his unexhausted claim, as long as he promptly files the exhausted claim in federal court upon his return to federal court.

Because respondent has filed an answer, petitioner must seek leave of court to amend his pleading. Fed. R. Civ. P. 15(a)(2).

Here, petitioner's motion to amend is not accompanied by a proposed amended petition, and is also premature. Petitioner has not been granted a stay under either Rhines or Kelly. Thus, petitioner's motion to amend is denied without prejudice.

Motion for Stay

Petitioner appears to seek a motion for stay under Kelly.

A habeas petitioner may request that a federal action be stayed to allow for exhaustion in state court. Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Mena v. Long, 813 F.3d 907 (9th Cir. 2016) (holding the Rhines stay and abeyance procedure[1] applies to both mixed and fully unexhausted habeas petitions); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition).

Here, because petitioner does not seek a stay under Rhines, the court addresses only the Kelly stay.

Under Kelly, the court may stay a petition setting forth only exhausted claims, to permit exhaustion of additional claims with the intention that they will be added by amendment

---

[1] The United States Supreme Court has held that in limited circumstances a district court may stay a mixed petition pending exhaustion of unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

following exhaustion. King v. Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1063). If the petition currently on file is fully exhausted, petitioner may seek a stay-and-abeyance order to exhaust claims not raised in that federal petition under Kelly. However, the Ninth Circuit has warned that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely . . . [a]nd demonstrating timeliness will often be problematic under the now-applicable legal principles." King, 564 F.3d at 1140-41 (emphasis added). Timeliness of the new claims will depend on whether they relate back to the original, timely filed claims. Id., citing Mayle v. Felix, 454 U.S. 644 (2005).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1).[2] "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (citation omitted).

In his motion for stay, petitioner claims his unexhausted claim was raised on direct appeal, but is now pending in the state appellate court. However, petitioner provides no information concerning the unexhausted claim, so this court is unable to determine whether the unexhausted claim relates back to any of the claims raised in the original petition, or whether such claim is

---

[2] In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). A prisoner may also obtain tolling for the period of time between the conclusion of one state habeas proceeding and the initiation of another habeas action (gap tolling). Id. Gap tolling is generally limited to a period of thirty to sixty days (akin to the period of time allowable in other states to file an appeal in a higher court). Evans v. Chavis, 546 U.S. 189, 201 (2006); Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) (same).

3

untimely. Petitioner's motion for stay is dismissed with leave to renew his motion upon a proper showing.

Is the New Claim Now Exhausted?

Finally, it appears that petitioner has not yet exhausted his new claim. Petitioner claims that his current habeas petition is presently pending in the California Court of Appeals, Third District, Case No. C091450, and that once that petition is decided, petitioner will file an amended petition in this court. (ECF No. 23-1 at 2.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Review of the California Courts official website confirms that on February 10, 2020, petitioner filed a petition for writ of habeas corpus in the state appellate court which was denied on February 21, 2020.[4] However, petitioner had not yet filed a petition for writ of habeas corpus in the California Supreme Court.

Therefore, if petitioner chooses to renew his motion for a Kelly stay, he must identify the new claim, and address the timeliness of raising such claim in this action, as well as whether the new claim shares a 'common core of operative facts' with the claims in the pending petition. If

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[4] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov (accessed April 27, 2020).

4

petitioner renews his motion for a stay, he must file his motion within thirty days from the date of this order.  Nevertheless, petitioner is advised that he does not need this court's permission to exhaust his claims in state court.  In other words, petitioner is not required to await resolution of any renewed motion before returning to state court to properly exhaust his state court remedies.[5]  In the event that petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of any renewed motion, or the adoption of the pending findings and recommendations, petitioner is advised to file a notice of exhaustion in this court.

Finally, petitioner is advised that this court makes no finding as to the timeliness of any unexhausted claims addressed by this order.

Pending Findings and Recommendations

In an abundance of caution, the findings and recommendations will be held in abeyance for a period of thirty days.  If petitioner chooses not to renew his motion for stay, the findings and recommendations will be forwarded to the district court for review.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend (ECF No. 22) is denied without prejudice;

2. Petitioner's motion for stay and abeyance (ECF No. 23) is denied without prejudice to its renewal within thirty days from the date of this order; and

3. The findings and recommendations (ECF No. 19) are held in abeyance for thirty days from the date of this order.

Dated:  April 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tran1925.sty.fb

---

[5] Indeed, petitioner should not delay raising any unexhausted claims in the California Supreme Court.  See footnote 2, above.

5