UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY VAN TRAN, | No. 2:17-cv-1925 JAM KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| DAVID BAUGHMAN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for writ of habeas corpus challenging his 2012 conviction. On February 11, 2020, the undersigned recommended that the original petition be denied. On April 25, 2020, petitioner's motions to amend[1] and for stay were denied without prejudice. Petitioner has now renewed his motion to stay, and also filed a notice of exhaustion. As set forth below, petitioner's motion for stay should be denied.

Plaintiff's Unexhausted Claim

In his notice, petitioner claims that on May 11, 2020, petitioner filed his petition for writ of habeas corpus in the California Supreme Court. (ECF No. 27.) Petitioner states that he seeks

---

[1] If a new petition is filed when a previous habeas petition is still pending before the district court without a decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). The Woods holding is not extended to a situation where the district court has ruled on the initial petition, and proceedings have begun in the Court of Appeals. Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir. 2009), cert. denied, 130 S. Ct. 364 (2009).

judicial review of the state appellate court's decision on the claims raised in the instant petition, and will file his claim in this court following the California Supreme Court's decision. (ECF No. 27 at 1.) Petitioner did not provide any state court case numbers, copies of a petition filed in either the California Court of Appeal or the California Supreme Court, or a copy of the decision by the California Court of Appeal. In his motion for stay, petitioner identifies the unexhausted claim as his due process rights were violated when the jury's special circumstances finding was unsupported by the evidence to prove beyond a reasonable doubt that petitioner was the actual shooter. (ECF No. 26 at 3.)

Motion for Stay

In his motion for stay, petitioner now seeks stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 26.) No opposition was filed by respondent.

A district court may, in limited circumstances, stay a mixed petition pending exhaustion of unexhausted claims if: (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278; Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (finding courts also have discretion to stay and hold in abeyance fully unexhausted petition under Rhines). Each of these three conditions must be satisfied because, as the court emphasized, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277.

"The case law concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (citing Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust.")) The Supreme Court has addressed the meaning of good cause only once, stating in dicta that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to exhaust. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 278). The Ninth Circuit has provided limited guidance. Under Ninth Circuit law, the "good

cause" test is less stringent than an 'extraordinary circumstances' standard.  Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

Initially, petitioner attempts to argue that his unexhausted claim is contained in the instant petition, rendering it a mixed petition and requiring the court to grant petitioner leave to either return to state court to exhaust the unexhausted claim or abandon the unexhausted claim.  (ECF No. 26 at 2.)  Petitioner is mistaken.  Petitioner raised four claims in the instant petition:  two claims related to the alleged violation of petitioner's right against self-incrimination (claims I and III); and his other two claims concerned the admission of evidence (claims II and IV).  (ECF No. 1.)  Petitioner did not raise either a due process claim or an insufficiency of the evidence claim in the context of the special circumstances finding in the instant petition.  (Id.)  Indeed, petitioner affirmatively pled that he fully exhausted each of the four claims presented in the instant petition.  (ECF No. 1 at 7-17.)  Thus, the instant petition is not a mixed petition, but is fully exhausted.

In the April 30, 2020 order, the court addressed petitioner's request for stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), but also provided petitioner with the conditions he must meet in order to obtain a stay under Rhines.  (ECF No. 25 at 2 n.2.)  In the instant motion, petitioner failed to address each condition required under Rhines.  Petitioner fails to demonstrate good cause for his failure to earlier exhaust his new claim.  Indeed, he offers no explanation for his failure to include the claim in the instant petition.  He argues that this "unexhausted claim is potentially meritorious because it raises a violation of his constitutional right to due process," which is insufficient to demonstrate the claim's merit.  (ECF No. 26 at 3.)  However, even if the court were to find petitioner had good cause (which it would not) to pursue a potentially meritorious insufficiency of the evidence claim, petitioner has utterly failed to demonstrate he did not engage in intentional dilatory litigation tactics.  Because petitioner was aware of the facts surrounding the underlying crime, and whether or not petitioner was the actual shooter, petitioner fails to explain his failure to raise this claim earlier.

But significantly, review of the state courts website reveals that no habeas petition has been filed by petitioner in the California Supreme Court on May 10, 2020, or any other date.[2]

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute

1   Rather, the website reflects only petitioner's direct appeal, People v. Tran, S235100; the petition

2   for review was denied by the California Supreme Court on July 13, 2016. Id.  The search by

3   petitioner's name revealed no other filings by him in the California Supreme Court.

4       Petitioner did file a petition for writ of habeas corpus in the California Court of Appeal, In

5   re Ricky Tran on Habeas Corpus, No. C091450, which was denied on February 21, 2020.  But

6   when the appellate court case number C091450 is entered in the California Supreme Court

7   website, which cross-references appellate court case numbers, no habeas case filing in the

8   California Supreme Court by petitioner is found.  Because petitioner has not filed his petition in

9   the California Supreme Court, contrary to his statement, the undersigned cannot find that

10  petitioner has not intentionally engaged in dilatory litigation tactics.

11      Because petitioner fails to meet all three conditions required for a stay under Rhines, the

12  motion for stay should be denied.

13  Pending Findings and Recommendations

14      Once the district court rules on the instant findings and recommendations, the undersigned

15  will forward the February 11, 2020 findings and recommendations (ECF No. 19) to the district

16  court for review.[3]

17      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for stay (ECF

18  No. 26) be denied.

19      These findings and recommendations are submitted to the United States District Judge

20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21  after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

---

because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

[3] Petitioner filed objections on March 23, 2020 (ECF No. 24); respondent did not file a reply.

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 31, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/tran1925.sty.d